## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**REUNION CAPITAL, LLC**                                                                **PLAINTIFF**

**v.**                                                                **CAUSE NO. 1:24cv69-LG-RPM**

**FARRAH ASGARI-MAJD and**
**HOSPITALITY HOLDING, LLC**                                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**BEFORE THE COURT** is Plaintiff Reunion Capital, LLC's [7] Motion for Default Judgment.  Reunion alleges that Defendants Farrah Asgari-Majd and Hospitality Holding, LLC (sometimes collectively referred to as "Defendants") failed to satisfy their obligations pursuant to guaranties in which they assured that the debt obligations of a separate entity, Hospitality Holding of Mississippi, LLC, would be fulfilled.  Reunion seeks $1,908,806.86 from Defendants, in addition to attorneys' fees and costs.  The motion is granted as to the principal balance of $1,700,000.00, plus costs owed pursuant to the guaranties and Fed. R. Civ. P. 54(d).  The Court requests additional evidence concerning additional damages and attorneys' fees sought by Reunion.

### I.  FACTS AND PROCEDURAL BACKGROUND

Reunion loaned $1,700,000.00 to Hospitality Holding of Mississippi, LLC, pursuant to a promissory note and loan agreement.  (Compl., Ex. A & B, ECF Nos. 1-1, 1-2).  The promissory note was secured by property located in Biloxi, Mississippi.  (Compl., Ex. A, ECF No. 1-1).  The note provided:

> Subject to the conditions set forth in Section 3 of this Note, beginning on August 1, 2023 and on the same day of each successive calendar month thereafter until the Maturity Date, Borrower shall make monthly interest only payments in the amount of Seventeen Thousand Seven Hundred Eight and 33/100 dollars ($17,708.33), which shall be due an payable up to and including July 1, 2024 (the "Maturity Note") at which time the entire principal balance together with all accrued interest, if any, shall be due and payable. If Borrower fails to repay the Note on the Maturity Date, the delinquency shall be subject to late payment charges as provided in Section 5 below. Prepayment of the Principal Sum shall be subject to Section 4 below.

(Compl. Ex. A at 2, ECF No. 1-1). If Hospitality Holding of Mississippi elected to prepay the principal balance, it was required to pay twelve months of interest less all interest paid prior to the date of the prepayment. (*Id.* at 2). In the event of default, Reunion, at its option, was permitted to "declare the entire unpaid principal balance of [the] Note, together with all accrued but unpaid interest thereon, and all other Debt to be immediately due and payable without notice of demand." (*Id.* at 7).

A separate entity, Hospitality Holding, LLC, guaranteed payment of the total amount due under the promissory note. (Compl., Ex. D, ECF No. 1-4). Farrah Asfari-Majd, who is the sole member of Hospitality Holding of Mississippi and Hospitality Holding, LLC, also executed a personal guaranty of payment of all sums due under the promissory note. (Compl., Ex. C, ECF No. 1-3). Reunion alleges that Hospitality Holding of Mississippi failed to pay the promissory note when due and breached paragraph 3 of the loan agreement. Reunion next sought payment from Defendants, but Defendants also failed to satisfy their obligations under the guaranties. As a result of this default, Reunion filed this lawsuit against Defendants. (Compl., ECF No. 1).

Reunion has presented an affidavit signed by its member/manager Eric Nabydoski on March 5, 2024. He testified that the last payment received on the loan was posted on January 9, 2024. (Compl., Ex. E at 2, ECF No. 1-5). Therefore, he contends that Hospitality Holding of Mississippi defaulted in its payment obligations and breached paragraph 3 of the loan agreement. (*Id.*). He further testified that Defendants defaulted in their payment obligations under the guaranties. (*Id.*). He states that the amount due pursuant to the guaranties is $1,908,806.86. (*Id.*). This sum includes "principal, accrued interest, late charges, and accelerated yield maintenance." (*Id.*).

Reunion served Defendants with a Summons and Complaint on March 25, 2024. (Returns, ECF Nos. 3, 4). Since Defendants have not filed an answer or otherwise appeared in this action, a Clerk's Entry of Default was entered on April 18, 2024. *See* Fed. R. Civ. P. 55(a). Reunion now seeks a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

## II.  DISCUSSION

### A.  GENERAL AUTHORITY

"A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)). Although courts disfavor default judgments, they are available "when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of*

*Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting *H.F. Livermore Corp. v. A.G. Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

## B.  PERSONAL AND SUBJECT MATTER JURISDICTION

Before granting a default judgment, the Court must determine whether it has jurisdiction over the lawsuit and the parties.  *See Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999).  The Court finds that it has personal jurisdiction over Defendants they "irrevocably consent[ed] to and confer[red] personal jurisdiction on the courts of the State of Mississippi" when they signed the guaranties.  (Compl., Ex. C at 7, Ex. D at 7, ECF Nos. 1-3, 1-4); *New S. Equip. Mats, LLC v. Keener*, 989 F. Supp. 2d 522, 526 (S.D. Miss. 2013) ("Personal jurisdiction can be waived by an enforceable forum selection clause in which the parties consent to personal jurisdiction in a specified forum.").

As for subject matter jurisdiction, this Court has diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ." 28 U.S.C. § 1332(a)(1).  According to the pleadings, Reunion is a Florida limited liability company whose members are residents of New Hampshire.  (Compl. at 1-2, ECF No. 1).  Hospitality Holding, LLC, is a Delaware limited liability company, and its sole member and co-defendant, Asgari-Majd, is a citizen of New Jersey.  (*Id.* at 2).  The amount in controversy is $1,908,806.86.  (*Id.* at 3); *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 638 (5th Cir. 2003) (noting that the amount sought by the

plaintiff constitutes the amount in controversy "if the claim is apparently made in good faith.").

## C. PROCEDURAL REQUIREMENTS

The Court must next consider whether default judgment is procedurally warranted. When making this determination, a court should consider "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

"[W]here a party fails to answer or respond to the complaint, there are no material facts at issue." *McBride v. Goforth*, No. 3:23CV74-SA-RP, 2023 WL 8259257, at *3 (N.D. Miss. Nov. 29, 2023) (citing *EW Polymer Grp., LLC v. GS, Int'l Grp., Inc.*, 622 F. Supp. 3d 232, 237 (M.D. La. 2022)). Therefore, the first requirement is satisfied. As for the second factor, a defendant's failure to respond to the complaint causes prejudice to the plaintiff because "failure to respond . . . threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interest in pursuing its rights afforded by law." *Nutrien Ag Sols., Inc. v. Clanton*, No. 1:23-CV-114-GHD-DAS, 2024 WL 232160, at *1 (N.D. Miss. Jan. 22, 2024) (quoting *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194, 2013 WL 1828671 at *3 (N.D. Tex. May 1, 2013)). The remaining factors

are likewise established because Reunion has demonstrated that Defendants were served with process and failed to appear and defend.  Furthermore, there is no indication that the default was caused by good faith mistake or neglect or that the court would need to set aside the default in the future.

### D.  SUBSTANTIVE REQUIREMENTS

Having determined that the procedural requirements of default judgment have been satisfied, the Court must consider whether the pleadings provide sufficient basis for entry of default.  *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 497-98 (5th Cir. 2015).  The sufficiency of the pleadings is governed by Rule 8 of the Federal Rules of Civil Procedure, which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Wooten*, 788 F.3d at 497-98; Fed. R. Civ. P. 8(a)(2).  The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While "detailed factual allegations" are not required, pleadings that "are no more than conclusions, are not entitled to [an] assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Reunion's Complaint satisfies this standard, and its well-pleaded allegations must be taken as admitted due to Defendants' default.  See *Nishimatsu*, 515 F.2d at 1206.

**E. DAMAGES**

The final consideration is the amount of damages.  *L. Funder, LLC v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019) (A default judgment "establishes the defendant's liability but not the quantity of damages.").  "Damages may not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).  "Where the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting documents and where a hearing would not be beneficial, a hearing is unnecessary." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).  Under Mississippi law, "a plaintiff seeking monetary damages for breach of contract must put into evidence, with as much accuracy as possible, proof of the damages being sought." *Helena Agri-Enters. v. Grand Oak Farms*, No. 3:23-CV-193-DPJ-FKB, 2023 WL 7713645, at *5 (S.D. Miss. Nov. 15, 2023) (quoting *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1225 (Miss. 2012)).

The Court finds that the affidavit submitted by Reunion in support of its request for damages is insufficient.  Mr. Nabydoski's affidavit does not itemize the "accrued interest, late charges, and accelerated yield maintenance" he applied to the principal balance.  (*See* Compl., Ex. E, ECF No. 1-5).  Furthermore, in its one sentence Motion for Default Judgment, Reunion has not cited contractual provisions and caselaw supporting its request for "accelerated yield maintenance."[1]  "An

---

[1] The Court assumes that Reunion is relying on a combination of the prepayment penalty provision and the default remedies provision of the promissory notes, but to some degree, the note provides that Reunion's remedies are limited by Mississippi

affidavit from a plaintiff's employee that merely says how much the defendant owes, 'without any documentation to corroborate the employee's say-so,' isn't enough." *Helena Agri-Enters.*, 2023 WL 7713645, at *5 (quoting *Travelers Cas. & Sur. Co. of Am. v. Hub Mech. Contractors, Inc.*, No. 2:13-CV-101-KS-MTP, 2014 WL 1464553, at *4 (S.D. Miss. Apr. 15, 2014)).

The Court finds that Reunion has demonstrated that it is entitled to recover the principal balance due, under the guaranties, which is $1,700,000.00. Within thirty days of the date of this Memorandum Opinion and Order, Reunion must itemize and provide legal support for the additional amounts requested. In the alternative, it must request a hearing at which it will provide this information.

## F. ATTORNEYS' FEES

Reunion also seeks attorneys' fees. It submitted an affidavit signed by its attorney, who testified:

> In my opinion, in light of *Dynasteel Corp. v. Aztec Industries, Inc.*, 611 So. 2d 977 (Miss. 1992), attorney fees in the amount of $190,880.68 (being 10% of the sum demanded in the Complaint) in this matter are reasonable based on the likelihood that significant post-judgment attorney fees will be incurred by the Plaintiff in collecting the judgment.

(Def.'s Mot., Ex A, ECF No. 7-1). He also opines that "attorney fees in this amount are consistent with or below those customarily charged by other attorneys in this area doing similar work." (*Id.*). After the Court requested documentation

---

law. (Promissory Note at 2-3, 7, ECF No. 1-1). Therefore, additional support for this line item is necessary.

supporting the amount of attorneys' fees sought, Reunion submitted a proposed judgment to the Court in which it lowered its attorneys' fees demand to $10,000.00.

Attorney's fees are recoverable when they are provided for by contract. *Lane v. Lampkin*, 234 So. 3d 338, 351 (Miss. 2017) (citing *Jackson Cty. Sch. Bd. v. Osborn*, 605 So.2d 731, 734–35 (Miss. 1992)). The guaranties signed by each of the defendants provide:

> Guarantor will pay all taxes, costs, and expenses, including reasonable attorney's fees of Lender, in connection with the exercise by Lender of any of its remedies hereunder or with respect to any Obligations or to enforce this Guaranty or any Obligation.

(Compl., Ex. C at 7, Ex. D at 7, ECF Nos. 1-3, 1-4). Therefore, attorneys' fees are recoverable in the present case.

"In order to recover attorney's fees, a party 'must furnish an evidentiary predicate therefor.'" *Lane*, 234 So. 3d at 351 (quoting *Key Constructors, Inc. v. H & M Gas Co.*, 537 So. 2d 1318, 1325 (Miss. 1989). As this Court has previously explained, "An award of attorneys' fees must be supported by credible evidence and should not be plucked out of the air." *Grand Biscayne 670, LLC v. 14510 Lemoyne Boulevard, LLC*, No. 1:18CV357-HSO-JCG, 2019 WL 1714477, at *4 (S.D. Miss. Apr. 17, 2019) (citing *Regency Nissan, Inc. v. Jenkins*, 678 So. 2d 95, 103 (Miss. 1995), *as modified on reh'g* (Aug. 22, 1996); *DynaSteel*, 611 So. 2d at 986)) (internal citations and quotation marks omitted).

The "controlling factor" for calculating attorneys' fees is "what is reasonable." *Tupelo Redevelopment Agency v. Gray Corp.*, 972 So. 2d 495, 521 (Miss. 2007) (quotation omitted). The "most useful starting point for determining the amount of

a reasonable fee" is known as the "lodestar" method, which multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Mauck v. Columbus Hotel Co.*, 741 So. 2d 259, 271 (Miss. 1999) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "[T]he issue of attorneys' fees must then be appropriately considered in light of Miss. R. Prof. Conduct 1.5(a) and the *McKee* factors." *Tupelo Redevelopment Agency*, 972 So. 2d at 522 (citation omitted). The *McKee* factors are:

> the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.

*McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982).

In *Dynasteel*, the Mississippi Supreme Court adopted a rebuttable presumption that "attorneys' fee of one-third of the judgment obtained, where the fee so calculated is not more than $5000" are reasonable. *Dynasteel Corp. v. Aztec Indus., Inc.*, 611 So. 2d 977, 986 (Miss. 1992).[2] However, this presumption only applies to collections actions on open accounts. *Harvey v. Caesars Ent. Operating Co., Inc.*, 790 F. App'x 582, 597 (5th Cir. 2019); *Grand Bicayne*, 2019 WL 1714477, at *4. "Open accounts" are "account[s] based on continuing transactions between

---

[2] As the United States District Court for the Northern District of Mississippi has noted, "the Mississippi Supreme Court has backed away from the $5,000.00 limit articulated in *Dynasteel*." *Cardinal Health 110, Inc. v. Smithville Pharmacy, Inc.*, No. CIV.A 108CV67-SA-JAD, 2009 WL 2755466, at *2 n.4 (N.D. Miss. Aug. 26, 2009) (citing *Par Indus., Inc. v. Target Container Co.*, 708 So. 2d 44, 54 (Miss. 1998)).

the parties which have not been closed or settled but are kept open in anticipation of further transactions." *Mauldin Co. v. Lee Tractor Co. of Miss.*, 920 So. 2d 513, 515 (Miss. Ct. App. 2006). The present case concerns guaranties, not open accounts anticipating further transactions. Therefore, the *Dynasteel* presumption does not apply. Since Reunion has not yet provided sufficient documentation to support an award of attorneys' fees, the Court will allow Reunion thirty days from the date of entry of this Memorandum Opinion and Order to submit evidence supporting its demand, or in the alternative, request a hearing.

### G.  COSTS

Finally, Reunion has submitted a proposed default judgment awarding court costs in the amount of $664.00, but Reunion has not amended its Motion or provided testimony or documentation to support these claims. Reunion's request for costs is permitted by the guaranties and Fed. R. Civ. P. 54(d). (Compl., Ex. C at 7, Ex. D at 7, ECF Nos. 1-3, 1-4). The Court will permit Reunion to provide documentation supporting its request for costs within thirty days of the date of entry of this Memorandum Opinion and Order, or in accordance with Fed. R. Civ. P. 54(d).

### III.  CONCLUSION

Reunion's Motion for Default Judgment is granted to the extent that Reunion is entitled to recover from Defendants the principal balance due, which is $1,700,000.00, in addition to costs permitted by the guaranties and/or Fed. R. Civ. P. 54(b). Reunion's requests for accrued interest, late charges, accelerated yield

maintenance, and attorneys' fees are denied without prejudice to its right to submit additional documentation and legal authority. Reunion must either produce this information or request a hearing within thirty days of the date of entry of this Memorandum Opinion and Order. If Reunion does not submit this evidence or request a hearing within thirty days, the Court will enter a separate default judgment awarding $1,700,000.00 plus costs, pursuant to Federal Rules of Civil Procedure 54(d), 55(b)(2), and 58.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff Reunion Capital, LLC's [7] Motion for Default Judgment is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART** as set forth herein.

**SO ORDERED AND ADJUDGED** this the 30th day of April, 2024.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE